**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
CHARLOTTE **DIVISION**
**CIVIL ACTION NO.** 3:14-CV-00586-GCM

| | |
|---|---|
| AMERICAN UNITED LIFE INSURANCE COMPANY, | ) ) ) |
| **Plaintiffs,** | ) ) |
| v. | ) **ORDER** ) |
| JOANNA ARTHUR STEVEN BRUCE SUMPTER, | ) ) ) ) |
| **Defendants.** | ) ) |

**THIS MATTER** is before the Court on Defendant Sumpter's Motion to Stay (Doc. No. 64), his Motion for a New Trial (Doc. No. 65) and Memorandum in Support (Doc. No. 66), and his Motion for Judgment as a Matter of Law (Doc. No. 67) and (Doc. No. 68). Defendant Arthur's Response in Opposition (Doc. No. 69) and Memorandum in Opposition (Doc. No. 70) are also before the Court.

Defendant's Motion for Judgment as a Matter of Law will be denied. He did not move for judgment as a matter of law before the case was submitted to a jury, and thus his Motion is untimely. *Irwin Indus. Tool Co. v. Worthington Cylinders Wisconsin*, LLC, 747 F. Supp. 2d 568, 575 (W.D.N.C. 2010) ("To raise an issue in a post-verdict motion for judgment as a matter of law, a party must preserve that right by first making an appropriate motion under Rule 50(a).").

Defendant's Motion for a New Trial will also be denied. The Court did not err in answering the jury's second question. As the Court has explained, whether federal common law or North Carolina law governs in this case is less than clear. However, under either body of substantive law, it is clear that the signing of another person's name with authority is not forgery. *State v.*

*King*, 630 S.E.2d 719, 725 (N.C. Ct. App. 2006); *see Gilbert v. United States*, 370 U.S. 650, 655-58 (1962).

The Court also finds no error in its decision to grant Judgment as a Matter of Law to Defendant Arthur on the claim of undue influence. "[U]ndue influence is generally defined as influence that is sufficient to overpower volition, destroy free agency, and impel the grantor to act against the grantor's inclination and free will." *Tinsley v. Gen. Motors Corp.*, 227 F.3d 700, 704 (6th Cir. 2000). Here, Defendant Sumpter presented no evidence that Defendant Arthur, or anyone else, overpowered the Decedent's free will in the matter of changing his beneficiary designations or any other matter. Defendant Sumpter's Memorandum purports to list circumstantial evidence of influence in the record. The Court finds that the evidence listed is insufficient to suggest anything beyond mere opportunity to influence. Because "[a] showing of mere motive or opportunity to exert excessive control over another is not enough to make out a claim of undue influence," the Court properly directed a verdict in favor of Defendant Arthur on this claim. *Id.* at 705.

Finally, Defendant's Motion to Stay will be granted. The Court will stay release of the contested funds until Defendant Sumpter determines whether he will appeal.

**IT IS THEREFORE ORDERED** that Defendant Sumpter's Motion for Judgment as a Matter of Law and Motion for a New Trial are **DENIED.** Defendant Sumpter's Motion to Stay is **GRANTED**, and the Clerk is directed to hold the funds deposited with the Court for an additional thirty days.

**SO ORDERED.**

Signed: January 19, 2016

Graham C. Mullen
United States District Judge