# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:14-CV-00586-GCM

| | |
|---|---|
| AMERICAN UNITED LIFE INSURANCE COMPANY, | ) ) ) |
| **Plaintiffs,** | ) ) |
| v. | ) **ORDER** ) |
| JOANNA ARTHUR STEVEN BRUCE SUMPTER, | ) ) ) ) |
| **Defendants.** | ) ) |

**THIS MATTER** is before the Court on its own Motion. This case originated as an action in interpleader. American United Life Insurance Company ("AUL") issued a group life insurance policy to Steven Arthur in 2012. At that time, he named his son, Steven Sumpter, as the primary beneficiary of that policy. In 2014, shortly before his death, Steven Arthur sought and obtained a change in beneficiary form at the office of his employer, Carolina Restaurant Group. In the presence of a payroll supervisor, Steven Arthur changed the beneficiary designations on his policy and named his new wife, and longtime companion, Joanna Arthur, as the primary beneficiary. When Steven Arthur passed away, his wife and son both claimed to be entitled to the funds owed to his beneficiary under the policy.

American United Life Insurance Company filed this action on October 20, 2014, naming both Steven Sumpter and Joanna Arthur as defendants. (Doc. No. 1), and depositing the contested funds with the Court. (Doc. No. 3) Steven Sumpter brought crossclaims again Joanna Arthur, arguing that his father lacked the mental capacity to sign the beneficiary designation, or that he had signed it as a result of undue influence or duress. (Doc. No. 17) In the alternative, he argued

that Joanna Arthur had forged his father's signature on the contested document. (Doc. No. 17) A jury trial was commenced on January 11, 2016. At the close of evidence Steven Sumpter voluntarily dismissed his claims that his father lacked the mental capacity to sign the change of beneficiary form and that the form was signed under duress. Joanna Arthur moved for a directed verdict under Rule 50 of the Federal Rules of Civil Procedure on the remaining two claims. The Court granted a directed verdict in Arthur's favor on the undue influence claim. Thus, the only remaining jury question was whether the signature on the change in beneficiary form was the genuine signature of Steven Arthur. On January 12, 2016, the jury answered in the affirmative that the signature on the change in beneficiary form was the Decedent's genuine signature. (Doc. No. 61) This Court subsequently entered findings of fact and conclusions of law consistent with the jury's verdict. (Doc. No. 62)

On January 15, 2016, Steven Sumpter filed a Motion to Stay Judgment (Doc. No. 64), a Motion for New Trial (Doc. No. 65), and a Motion for Verdict as a Matter of Law (Doc. No. 67). On January 19, this Court denied Sumpter's Motions for New Trial and Verdict as a Matter of Law, but ordered that the Clerk of Court hold the funds owed to Joanna Arthur for 30 days while Defendant decided whether to appeal. (Doc. No. 71) Sumpter's Notice of Appeal was due on February 18, 2016. Because no notice was filed, the Court respectfully requests that the Clerk of Court release the funds deposited with the Court to Defendant Joanna Arthur.

Signed: February 22, 2016

Graham C. Mullen
United States District Judge